**IN THE COURT OF APPEALS OF IOWA**

No. 14-0467
Filed July 9, 2015

**WILLIAM JOSEPH REINSBACH,**
    Petitioner-Appellee,

**vs.**

**GREAT LAKES COOPERATIVE and
NATIONWIDE AGRIBUSINESS
INSURANCE,**
    Respondents-Appellants.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

An employer appeals the district court's judicial review decision in this workers' compensation case. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Jeffrey W. Lanz of Huber, Book, Cortese & Lanz, P.L.L.C., West Des Moines, for appellants.

Mark S. Soldat of Soldat, Parrish-Sams & Gustafson, P.L.C., West Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

William Reinsbach sustained an injury to his lower back arising out of and in the scope of his employment on April 15, 2005. Conservative care was given, but on May 1, 2006, while in physical therapy for this work injury, Reinsbach sustained an additional injury. Reinsbach's workers' compensation claim based on the 2005 injury was settled through an agreement for settlement, approved by the commissioner on February 14, 2008, setting his permanent partial disability rate at 15% body as a whole and noting Reinsbach would be entitled to future medical care for the injury. When Reinsbach's pain continued, he filed a review-reopening petition, and he eventually underwent three back surgeries with a fourth surgery recommended as of the date of the review-reopening hearing on January 18, 2012.

The deputy workers' compensation commissioner issued his decision in the review-reopening case on February 29, 2012, concluding Reinsbach proved his condition had deteriorated since the settlement and his ongoing treatment was causally related to his work injury. The decision also ordered Great Lakes Cooperative and Nationwide Agribusiness Insurance (employer) to pay for the medical bills Reinsbach had incurred to that point. The issue of the extent of Reinsbach's entitlement to temporary and permanent disability benefits was bifurcated for a later determination in light of his ongoing treatment. The deputy's decision was appealed within the agency, and another deputy, sitting by designation of the commissioner, affirmed the initial ruling and specifically

ordered the employer to pay the costs of the action, which included the expense of two independent medical examinations (IMEs) by Dr. Kuhnlein.

The employer filed a petition for further review, challenging the substantial evidence to support the agency's determination that Reinbach's current condition was causally related to his work injury and challenging the agency's assessment of the cost of the IMEs as hearing costs under Iowa Administrative Code rule 876-4.33(6). In a thorough and well-reasoned decision, the district court concluded substantial evidence supported the agency's determination that Reinbach's current condition was causally related to his work injury. We affirm that portion of the decision pursuant to Iowa Court Rule 21.26(1)(d).

The district court also upheld the agency's decision to assess against the employer the full amount of Dr. Kuhnlein's IMEs and reports as hearing costs under rule 876-4.33(6). Subsequent to the district court's decision, our supreme court determined that only costs associated with the preparation of the written report of a doctor can be assessed as costs of the hearing under Iowa Administrative Code rule 876-4.33(6). *Des Moines Regional Transit Authority v. Young*, ___, N.W.2d ___, ___, 2015 WL 3533268, at *8 (Iowa 2015). The underlying medical expenses associated with the examination of the worker cannot be included in the costs that are taxed to the employer under rule 876-4.33(6). *Id.* at *7. Iowa Code section 85.39 (2011) is the sole method for a worker to be reimbursed for the cost of an examination by a doctor of the worker's choosing. S*ee id.* There is no question that section 85.39 does not apply in this case.

We reverse that portion of the district court's judicial review decision that affirmed the agency's assessment of the IMEs cost to the employer. In reviewing the agency record on appeal, we are unable to discern what portion of the total $5470 Dr. Kuhnlein charged for his two IMEs and reports is related solely to the preparation of the written report by the doctor. Therefore, in light of the supreme court's decision in *Young*, 2015 WL 3533268, at *8, this case must be remanded to the district court for an order remanding the matter to the agency so that determination can be made. In all other aspects, the district court's judicial review decision is affirmed.

Costs on appeal are assessed one-half to each party.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**